IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| CITY OF JEFFERSON and | ) | |
| CITY OF SPRINGFIELD, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 04-4099-CV-C-NKL |
| | ) | |
| CINGULAR WIRELESS, L.L.C., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Pending before the Court is Plaintiffs' Motion for Summary Judgment [Doc. # 250] asking the Court to declare House Bill 209 ("HB 209")[1] unconstitutional. Also pending before the Court are three Motions filed by Defendants asking the Court to abstain from ruling on the constitutionality of HB 209 and to stay the proceedings in this case while the constitutionality of HB 209 is resolved in state court.[2] Also pending are several motions for summary judgment filed by Defendants to enforce the provisions in

---

[1] Missouri House Bill 209, 93rd Gen. Assem., 1st Reg. Sess. (Mo. 2005). HB 209 became effective on August 28, 2005, and its relevant provisions are now codified at Mo. Rev. Stat. §§ 92.074 to 92.098. During the course of this case, the parties and the Court have referred to the statutes as HB 209 rather than their codified citations.

[2] Specifically, the Motions are (1) SBC Communications, Inc. and Southwestern Bell Telephone, L.P. d/b/a SBC Missouri (collectively "SBC Defendants") Joint Motion to Stay Based on Abstention [Doc. # 256]; (2) the Motion to Stay filed by Nextel West Corp., Cingular Wireless L.L.C., New Cingular Wireless PCS, L.L.C. f/k/a Southwestern Bell Mobile Systems, L.L.C., and Alltel Corporation ("collectively CMRS Defendants") [Doc. # 259]; and (3) Sprint Corporation's ("Sprint") Joinder in SBC Defendants' Motion to Stay [Doc. # 261].

1

HB 209.[3] Based on Supreme Court precedent, the Court will abstain from ruling on the constitutionality of HB 209. The Court will also stay Springfield's case against the Defendants because a lower Missouri court has ruled that HB 209 is constitutional. Because the Court has abstained on the constitutionality of HB 209, it will deny without prejudice Defendants' Motions which seek to enforce HB 209. Defendants may refile these Motions if HB 209 is ultimately found, after appeal, to be constitutional. Plaintiffs' motions, which ask the Court to declare HB 209 unconstitutional, will also be denied because the Court is deferring to the state courts on this issue.

**I.     Background**

   **A.     HB 209**

Plaintiffs filed their Complaint against Defendants in May 2004 alleging that Defendants failed to pay gross receipt taxes on the mobile telephone component of the telecommunications business which they operate in each municipality. Plaintiffs filed for partial summary judgment on the issue of liability. [Doc. # 95.] After briefing and oral argument, the Court granted Plaintiffs' Motion against all Defendants, except the SBC

---

[3]Dispositive motions based on HB 209 were filed by: (1) Cingular Wireless, L.L.C., and New Cingular Wireless PCS, L.L.C., f/k/a Southwestern Bell Mobile Systems, L.L.C. [Doc. # 239]; (2) Alltel Communications, Inc. [Doc. # 241]; (3) Nextel West Corp. [Doc. # 244]; and (4) SBC Defendants [Doc. # 247]. Although it is not technically a dispositive motion, also included is Sprint Corporation's ("Sprint") Motion to Vacate the Court's Grant of Summary Judgment Based on HB 209 [Doc. # 242]. Plaintiffs' dispositive motion wherein they challenge the constitutionality of HB 209 is at Doc. # 250.

2

Defendants. [Doc. # 221.][4]

Subsequently, the Missouri Legislature passed and Governor Matt Blunt signed HB 209. HB 209 prospectively changes the manner in which municipalities can tax mobile telephone business and also requires some municipalities to dismiss all pending litigation filed by the municipalities to recover taxes which the mobile telephone companies owed as a result of prior state and municipal tax laws.[5]

After HB 209 was passed, Defendants filed motions seeking to dismiss Springfield's claims based on HB 209. Subsequently, both the City of Jefferson and Springfield, filed motions for summary judgment asking the Court to declare HB 209 unconstitutional. Both Plaintiffs challenge HB 209 in its entirety under eight separate sections of the Missouri Constitution, but Plaintiffs do not challenge HB 209 under any provision of the United States Constitution.

### B.     Sprint's Challenge Based on HB 209

When the Court entered its Order granting judgment in favor of Plaintiffs on the issue of liability, the Court also granted summary judgment in favor of Springfield on Sprint's Counterclaim. *See* [Doc. # 221] at p. 16. Unlike the other Defendants, Sprint did not move for summary judgment based on HB 209. Instead, Sprint filed a Motion to

---

[4]The summary judgment motions which related to the liability of SBC Defendants were not filed at the time the Court found the remaining Defendants were required to pay the disputed gross receipt taxes.

[5]The retroactive dismissal portion of HB 209 is in Mo. Rev. Stat. § 92.089. Plaintiff City of Jefferson ("Jefferson City") is exempted from the dismissal provisions of HB 209, but it is still subject to the prospective conditions contained therein.

Vacate wherein it requests that the Court vacate its grant of summary judgment in favor of Plaintiff Springfield on Sprint's Counterclaim because the provisions contained in HB 209 require Springfield to dismiss its pending case. [Doc. # 242.]

### C. Missouri Proceedings

There are presently cases pending in the Missouri courts that will inevitably address the issue of the constitutionality of HB 209. Springfield is currently engaged in ongoing litigation in the Circuit Court of Greene County, Missouri, against Sprint Spectrum. In *City of Springfield v. Sprint Spectrum, L.P.*, No. 104CC5647 (Circuit Court of Greene County, Missouri), the issue of the constitutionality of HB 209 has been raised. Numerous other cities are litigating similar issues as those presented herein in a putative class action in the Circuit Court of St. Louis County. That matter is styled as *City of University City, Missouri, et al., v. AT&T Wireless Services, Inc., et al.*, No. 01CC4454 (Circuit Court of St. Louis County, Missouri). The Honorable Judge Drumm entered an order in this case on September 16, 2005, declaring HB 209 constitutional.

## II. Discussion

### A. Abstention

Supreme Court precedent clearly requires this Court to abstain from deciding a dispute which involves unsettled state law that implicates the relationship between the state and a municipality. The Supreme Court has stated,

> [W]here the [state law] issue touched upon the relationship of City to State . . . or involved the scope of a previously uninterpreted state statute which, if applicable, was of questionable constitutionality . . . we have required

> District Courts, and not merely sanctioned an exercise of their discretionary power, to stay their proceedings pending the submission of the state law question to state determination.

*Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 28 (1959) (citing *City of Chicago v. Fieldcrest Dairies, Inc.*, 316 U.S. 168 (1942); *Leiter Minerals, Inc. v. United States*, 352 U.S. 220, 229 (1957)).

In *Fieldcrest Dairies*, the Court was faced with a conflict between a Chicago ordinance and an Illinois statute. In declining to resolve the conflict, the Court noted that it inherently involved the relationship between the state and a municipality and stated,

> Illinois has the final say as to the meaning of the ordinance in question. It also has the final word on the alleged conflict between the ordinance and the state Act. The determination which the District Court, the Circuit Court of Appeals or we might make could not be anything more than a forecast - a prediction as to the ultimate decision of the Supreme Court of Illinois . . . [Abstention] will avoid the waste of a tentative decision and any needless friction with state policies.

*Fieldcrest Dairies*, 316 U.S. at 171-72 (quotation omitted). Such an approach is appropriate where the underlying state issue is unsettled. *See City of Meridian v. Southern Bell Tel. & Tel. Co.*, 358 U.S. 639 (1959) (overturning lower courts' decisions interpreting unsettled state law that involved state constitutional questions and directing the lower court to abstain).

Plaintiffs argue that the validity of HB 209 is not "unsettled" because it is patently unconstitutional. Therefore, according to Plaintiffs, the constitutionality of HB 209 is not in question and it is not necessary for this Court to abstain from ruling on the issue. In support of their argument, Plaintiffs cite *Wisconsin v. Constantineau*, in which the

5

Supreme Court held that a federal court does not need to abstain from determining the validity of a state statute under the United States Constitution where the state statute is unambiguous. 400 U.S. 433 (1971). Plaintiffs in the instant case, however, present no federal constitutional question--all of their challenges to HB 209 arise under the Missouri Constitution and *Constantineau* is therefore inapplicable.

Moreover, the Court cannot say that the constitutional status of HB 209 is "settled" law. The question raised by HB 209 is whether the State can retroactively confiscate the property of its municipalities--*e.g.*, the back taxes that are owed to Plaintiffs--and give that property to private corporations.[6] At least one Missouri state court has found this to be permissible. While the issue will ultimately be resolved by appellate courts, this Court cannot say that the statute is so patently unconstitutional that the status of HB 209 is settled law.

Plaintiffs also implore the Court to discount the clear holding of *Thibodaux* because of its age and because of the Supreme Court's ruling in *Allegheny County v. Frank Mashuda Co.*, 360 U.S. 185 (1959), which was decided on the same day as *Thibodaux*. First, the age of *Thibodaux* is not relevant and it is undisputedly controlling law for this Court. This is particularly true where *Thibodaux* continues to be cited by the Supreme Court as guiding precedent. In *Colorado River Water Conservation Dist. v.*

---

[6]Even if this Court had not already resolved Defendants' liability for the past due taxes at the time this legislation was adopted and signed into law by the Governor, the Plaintiffs had an inchoate property right to any past due taxes authorized by then existing law and HB 209 effectively takes away that property right.

6

*United States*--a primary case relied on by Plaintiffs--the Supreme Court positively cited *Thibodaux* for the proposition that "[a]bstention is also appropriate where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar." 424 U.S. 800, 814 (1976). Thus, there is no indication that *Thibodaux* has been abandoned by the Supreme Court.

Moreover, *Allegheny County* does not require that this Court ignore *Thibodaux*. In *Thibodaux*, Justice Stewart's concurring opinion clearly drew a distinction between the two cases when he wrote:

> This case is totally unlike [*Allegheny County*], except for the coincidence that both cases involve eminent domain proceedings. In [*Allegheny County*] the Court holds that it was error for the District Court to dismiss the Complaint. The Court further holds in that case that, since the controlling state law is clear and only factual issues need be resolved, there is no occasion in the interest of justice to refrain from prompt adjudication.

360 U.S. at 31 (Stewart, J. concurring). Defendants are not requesting that this Court dismiss Plaintiffs' Complaint nor is the state law that is the subject of the parties' dispute "clear." Therefore, *Allegheny County* is distinguishable from *Thibodaux*.

Based on clear Supreme Court precedent, this Court will refrain from determining the constitutionality of HB 209. The ongoing proceedings that are currently pending in the Missouri courts appear to be sufficient venues to present these issues for final adjudication.

**B.     Stay**

7

Because the Court will abstain from ruling on the constitutionality of HB 209, it will also stay consideration of Defendants' dispositive motions which relate to the enforcement of HB 209. The Court will also stay the remaining issues in Springfield's case against the Defendants.

### III. Conclusion

Accordingly, it is hereby ORDERED that Defendants' Motion to Stay Based on Abstention [Docs. 256, 259, 261] are GRANTED as follows:

    (1)    The Court will abstain from ruling on the constitutionality of HB 209.

    (2)    The Court will stay Springfield's case against the Defendants.

It is further

ORDERED that Plaintiffs' Motion for Summary Judgment [Doc. # 250], in which Plaintiffs seek a ruling that HB 209 is unconstitutional, is DENIED. The Court has abstained in favor of the state courts on this issue. It is further

ORDERED that Defendants' pending Motions for Summary Judgment based on HB 209 [Docs. 239, 241, 242, 244 and 247] are DENIED without prejudice.


DATE: <u>September 23, 2005</u>        <u>s/ Nanette K. Laughrey</u>
Jefferson City, Missouri        NANETTE K. LAUGHREY
                                        United States District Judge