IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| CITY OF JEFFERSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 04-4099-CV-C-NKL |
| | ) | |
| CINGULAR WIRELESS, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

The City of Springfield ("the City") levies a gross receipts tax on all "telecommunications and telephonic services" supplied "within the city." *See* Springfield Municipal Ordinance § 70-452. Because Defendant Alltel Communications, Inc. ("Alltel"), took the position that commercial mobile radio ("CMR")[1] services were not "telecommunications and telephonic services" within the meaning of the City ordinance, Alltel has never paid gross receipts tax on cell phone revenue generated within the City.

On April 14, 2004, Counsel for the City sent a demand letter to Alltel's Chief Financial Officer requesting payment for five years' worth of gross receipts taxes. Plf. Sugg. Opp. Exh. A. The letter further stated that if payment was not received by April 29, 2004, the City would "proceed with all legal remedies." *Id.* When Alltel did not comply, the City filed the present lawsuit on May 12, 2004, to collect the taxes due. The

---

[1] Commercial mobile radios are commonly referred to as cell phones, both by lay people and the telecommunications industry. That is the term the Court will use.

1

City then filed a Motion for Summary Judgment to determine whether Alltel was liable to pay gross receipts taxes for revenue generated by the sale of cell phone services to Springfield residents.  In an Order issued on June 9, 2005, the Court found that cell phones are "telecommunications and telephonic services," within the meaning of the Springfield gross receipts ordinance.  In that Order, however, the Court reserved judgment on the question of whether the Plaintiffs could recover past due taxes without following its administrative procedures.

After the Court entered its Order, the Missouri General Assembly passed HB 209 which required the Plaintiff to dismiss its lawsuit against Alltel and the other Defendants.  Plaintiff then sought a ruling in state court to determine the constitutionality of HB 209 and this action was stayed.  After the Missouri Supreme court struck down HB 209 as unconstitutional, [2] the stay of this case was lifted.

Alltel now moves to dismiss the case[3] for lack of subject matter jurisdiction because, according to Alltel, the City's only remedy is to collect taxes from Alltel through the City's administrative procedures.  In the alternative, Alltel asks the Court to abstain from resolving the case in the interest of federalism [Doc. # 353].  For the reasons set forth below, the Court finds that the remaining claims in the case should be dismissed

---

[2] *See, City of Springfield v. Sprint Spectrum, L.P.,* 2006 WL 2257073 (August 8, 2006).

[3] To date, none of the other Defendants has joined in Alltel's Motion. Because a failure to state a claim defense can be raised at any time, the other Defendants may seek dismissal for the reasons discussed in this order.  The Court clarifies this issue because of prior scheduling orders entered by the Court.

2

because Springfield's ordinances and Missouri law do not give the City a common law cause of action for tax collection.[4]

## I.  The "Exclusive Tax Remedy Doctrine"

In *State ex rel. Hayes v. Snyder*, 139 Mo. 549, 552 (Mo. 1897), Jackson County Collector Hayes sued the previous owners of a parcel of real estate to collect a personal judgment against them for taxes assessed against the property while they had owned it. The Missouri Supreme Court held that the state's exclusive remedy was to impose a lien on the property for which back taxes were due. *Id.* at 554-55. In reaching this conclusion, the state supreme court reasoned that

> A tax is not a debt in the ordinary sense of that term, as it is not founded upon contract, and as a general thing a debt can not be created in any other way. Tax proceedings are *in invitum*. The tax is an impost levied by the authority of the government for the support of the State, and has none of the characteristics of a contract, the essence of which is an agreement expressed or implied. Therefore, if the statutes of this State make special provisions for the collection of taxes against real estate, and do not apparently contemplate that any others will be necessary, the mode of collection prescribed by statute is exclusive.
>
> [W]hen the statute undertakes to provide remedies, and those given do not embrace an action at law, a common law action for the recovery of the tax as a debt will not lie. This is the generally accepted doctrine, though there are exceptions to this general rule, for instance, where right to bring suit is expressly given by statute, or where the implication of an intent to give a remedy by suit may be so strong as to be conclusive; as where the statute provides for tax, but is silent as to the method of collection.

---

[4]Contrary to Alltel's assertions, the Court has subject matter jurisdiction. Diversity jurisdiction is established by federal law and is present in this case. Furthermore, the modern trend in state courts is to recognize that a court has subject matter jurisdiction in a case involving the exclusive tax remedy doctrine, but there is no cause of action to collect past due taxes in court. In other words, any dismissal is for failure to state a claim and not for lack of subject matter jurisdiction. *See, Dubai Petroleum Co. V. Kazi,* 12 S.W. 2d 71, 76-77 (Tex. 2000).

3

*Id.* at 553-554 (internal quotations omitted).

In *Kansas City v. Field*, the Missouri Supreme Court again held that "a statutory remedy for the collection of a tax or a special assessment, whether it be by distress or by action, is an exclusive remedy." 285 Mo. 253, 274 (Mo. 1920). *Accord City of St. Louis v. United Rys. Co.*, 174 S.W. 78 (Mo. 1914) (where an ordinance provides a method for enforcing a tax, it will be held to be exclusive); *State ex rel. Steed v. Nolte*, 138 S.W.2d 1016 (Mo. 1940) (en banc) (holding that for tax collection purposes, the city must use the collection procedures set forth in applicable law)

Although these Missouri cases are old, the City has offered no authority to suggest that Missouri no longer recognizes the exclusive remedy doctrine articulated in *Hayes*.

## II.     Exceptions to the Exclusive Remedy Doctrine

Other jurisdictions which recognize the exclusive tax remedy doctrine have permitted court actions under limited circumstances. When there is a question of statutory interpretation as distinct from a question of statutory applicability, these jurisdictions will permit court action to resolve purely legal questions. *See* M. L. Cross, Annotation, *Tax Questions as Proper Subject of Action for Declaratory Judgment*, 11 A.L.R.2d 359 (Supp. 2005). While the Court has been unable to locate a Missouri case on this specific issue, Missouri courts do permit purely legal issues to be resolved in court even when administrative remedies have not been exhausted. The practical considerations discussed in those cases, *eg., Premium Std. Farms v. Lincoln TP of Putnam County,* 946 SW2d 234 (Mo. 1997), are equally applicable where there is a legal

4

dispute about whether a tax is owed. Therefore, it is predicable that Missouri courts will find that a declaration of law is permissible, even if there is an exclusive administrative remedy for the actual collection of the taxes.

## III.  Discussion

The Springfield ordinances give the City a specific remedy for past due gross receipts taxes. They provide that:

> Every person required to pay the license tax levied by this article shall cause to be filed with the director of finance on January 15, April 15, July 15 and October 15 of each year a true statement, under oath, of the gross receipts of such business for the three calendar months preceding the filing of such statement. The director of finance and his authorized agents may investigate the correctness and accuracy of such quarterly statements, and for that purpose shall have access at all reasonable times to the books, documents, papers and records of the licensee.

*Id.* § 70-454. If a person refuses to pay any tax, the Director may estimate the delinquent taxes and make an assessment based on that estimate. *Id.* § 70-154. After the Director notifies the tax payer of the assessment plus penalties including interest, the taxpayer has ten days to request a hearing to contest the assessment. *Id.* § 70-152.

In the event a hearing is requested, "[t]he director, employee of the city, or hearing officer appointed by the city manager shall hear the case and make a determination in accordance with the provisions of RSMo ch. 536." *Id.* at § 70-155. "Such hearing need

not be conducted according to the rules of evidence." *Id.* The director is empowered to subpoena witnesses or to issue subpoenas duces tecum for any book, paper, record or memorandum. *Id.* "The decision of the hearing officer ...shall be in writing and shall be subject to appeal under RSMo ch. 536." *Id.* § 70-156. If the delinquent taxpayer fails to pay the assessment after the decision becomes final,

> the license of such person shall be revoked without further hearing five days after the director mails such person a notice that the license has been revoked, unless the person pays the city the delinquent assessment, including penalties and interest to date, which money shall be held for possible refund by the director while the decision is on appeal. Revocation of such license pursuant to the provisions of this section is not appealable, and such license may only be reinstated by the person paying to the director the money due on the assessment, including all penalties and interest to date.

*Id.* § 70-157.

Reading together all portions of Springfield Municipal Code chapter 70, the Court concludes that the Code contemplates a complete remedial scheme for the collection of delinquent gross receipts tax. Enforcing the ordinance is the responsibility of the City's Director of Finance. All licensees must file quarterly gross receipts reports with the City, which the Director is authorized to investigate and verify. If the licensee refuses to do so, the director may issue subpoenas and demand to inspect records under penalty of

6

revocation of the license. If the Director determines that a licensee had failed to pay its tax obligation, she "shall notify such person of this determination, which determination shall be an assessment of the license fee or tax which is due and owing, plus all penalties including interest." *Id.* § 70-152. That assessment becomes final ten days after it is delivered to the licensee unless the licensee requests a hearing. If a hearing is requested, the Director or a hearing officer "shall hear the case and make a determination in accordance with the provisions of RSMo ch. 536." *Id.* at § 70-155. That determination becomes final after 30 days and may be appealed under Mo. Rev. Stat. ch 536. However, if the licensee fails to pay after the final determination, its license "shall be revoked without further hearing . . . unless [and until] the person pays the city the delinquent assessment." *Id.* § 70-157.

The Code makes no provision for the collection of the delinquent tax through an original legal action in a court. Instead, it gives Springfield a specific administrative remedy. This indicates that the ordinance does not contemplate additional remedies for tax collection.

Furthermore, Springfield's tax collection remedy is adequate. While Alltel has refused to file the reports needed to make an assessment, the City has the power to make an estimate based on the information available to it. The record shows that Alltel has reported gross receipts revenue collected from customers having a "principal place of use" within the city. While this may not include all revenue subject to gross receipts tax, the City has the power to estimate the actual tax due. If Alltel contests the tax, the City can

subpoena all of Alltel's records. Pending appeal, the City can force Alltel to pay the taxes "in escrow" or require Alltel to stop doing business in the City. While this may be a difficult political choice, Springfield clearly has an adequate remedy to collect delinquent taxes.

**IV.     Conclusion**

When the Court first considered the *Hayes* and *Premium Standard Farms* line of cases in its June 9, 2005 Order [Doc. # 221], it was faced with the issue of whether cell phone services were the same as telephonic and telecommunications services. That was a purely legal issue. The issue was raised in a motion for summary judgment and the Court had the authority to declare the law on this limited legal issue. Indeed, it would make no sense to require the parties to go through an expensive assessment process only to learn on appeal that the tax payer did not owe the tax. As previously discussed, declarations of law are exceptions to the exclusive tax remedy doctrine. *See* M. L. Cross, Annotation, *Tax Questions as Proper Subject of Action for Declaratory Judgment*, 11 A.L.R.2d 359 (Supp. 2005).

By contrast, the only issue remaining at this point in the litigation is which of the calls billed to Defendants' customers were made "within the city." Since there is no dispute that at least some set of calls would fit any definition of that phrase, there is no question that Alltel owes some amount of gross receipts tax. For example, when a customer buys a calling plan that provides unlimited calling for a certain number of minutes each month, the customer pays for the right to make calls even if no call is ever

placed. If this right to make calls is purchased in Springfield, then revenue has been generated there. On the other hand, if a customer is being charged only for calls actually made, there may be a dispute about whether those calls were made "within the city".

Thus, the only issues remaining in this case deal with the amount of tax owed, and there is no reason why the city's administrative procedures are inadequate for resolution of that determination. Because there are no outstanding claims upon which relief can be granted in this forum, the Court dismisses Springfield's remaining claims without prejudice so that it can pursue its administrative remedy.

Accordingly, as set forth in this opinion, Springfield's remaining claims are dismissed without prejudice.

IT IS SO ORDERED.

s/ NANETTE K. LAUGHREY
NANETTE K. LAUGHREY
United States District Judge

Dated: October 17, 2006
Jefferson City, Missouri