IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| CITY OF JEFFERSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 04-4099-CV-C-NKL |
| | ) | |
| CINGULAR WIRELESS, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On October 17, 2006, the Court dismissed all remaining claims against Defendant Alltel Communications, Inc. ("Alltel"), because Missouri case law precludes the Court from granting further relief to Plaintiff City of Springfield ("Springfield"). Springfield now moves the Court to Clarify, or in the Alternative, to Reconsider the October 17, 2006 Order [Doc. # 408]. Alltel also moves for Reconsideration and/or Clarification of that Order [Doc. # 412] and for vacatur of the Court's June 9, 2005 Partial Summary Judgment Order [Doc. # 221]. Also pending is Springfield's Motion to Lift the November 10, 2004 Protective Order in Part [Doc. # 409].

Having considered the October 17, 2006 Order granting Alltel's Motion to Dismiss, as well as the June 9, 2005 Order granting Springfield's Motion for Partial Summary Judgment, the Court declines to vacate or amend either Order for the reasons set forth below. The Court, however, will grant Springfield's Motion to Modify or Lift

1

the Protective Order [Doc. # 409]. The Protective Order is amended to permit data obtained during this litigation to be used in any subsequent proceeding to assess or collect the tax which is the subject of this litigation. In no way is this Order intended to limit the ability of another court or administrative hearing officer to enter a different protective order concerning this material.

**I.	Defendant Alltel's Motion for Reconsideration [Doc. # 407]**

This is not a complicated case, although the docket sheet suggests otherwise.

The Court has made two substantive rulings. First, on June 9, 2005, the Court granted Springfield's Partial Motion for Summary Judgment. The Court ruled that each of the Defendants[1] is liable to pay taxes under Springfield's gross receipts ordinance. The Court found that the term "telephone" as used in Springfield's gross receipts ordinance applies to the Defendants' Commercial Mobile Radio services. It also held that the uncontroverted facts show that each Defendant furnished some telephone services within the City of Springfield and obtained revenue as a result. Therefore, Alltel and the other Defendants owe Springfield some amount of gross revenue tax for the relevant time period.

The Court made its ruling after considering all arguments raised by the parties, including the Defendants' arguments in support of their counterclaims and defenses. The

---

[1] The Court has made no ruling on the liability of SBC Communications, Inc. ("SBC"). SBC was not the subject of Springfield's Motion for Partial Summary Judgment. Only Defendants Southwestern Bell Wireless, LLC, Nextel West Corp., Alltel Communications, Inc., and Cingular Wireless LLC were the subject of and defended against Springfield's Motion for Partial Summary Judgment. In this Order, they are referred to as the "Defendants."

2

Court specifically rejected the Defendants' argument that Springfield's taxing ordinance did not comply with the Hancock Amendment and violated the Mobile Telecommunications Sourcing Act. It ruled that Springfield's gross receipts tax is not a disguised sales tax even though it is levied in part on sales made to Defendants' customers. It found that Springfield was not required to comply with the Missouri tax collection statutes. Finally, it concluded that Missouri law would permit Springfield to resolve purely legal issues in a court proceeding prior to commencement of an administrative collection process, even though it is a taxing authority and not a taxpayer. In its Order, the Court said that it was not deciding the question of whether Springfield had the right to litigate before this Court the amount of taxes owed. That issue was not raised by Springfield's Motion for Partial Summary Judgment. Each of the issues ruled by the Court in its June 9, 2006 Order were legal issues.

The second substantive Order was entered by the Court on October 17, 2006. In that Order, the Court reiterated its belief that Missouri courts would permit Springfield to resolve purely legal questions concerning liability before requiring either the taxing authority or the taxpayer to incur the expense of a complicated, factual based administrative process. However, Missouri law would not permit the Plaintiffs to bypass its administrative assessment procedures. Assessment involves factual issues and the administrative hearing officer is best able to resolve those fact issues and apply its ordinance to those facts. As a result, the exclusive tax remedy doctrine required the Court to dismiss Springfield's remaining claims without prejudice.

The Court has recited this information to make clear that these are the only substantive rulings made by the Court. It has made no ruling on the amount of taxes owed or what the parties can do if they are dissatisfied with the administrative process. Any statements made by the Court that could be construed otherwise should not be so construed.

In addition to seeking clarification, Defendant Alltel requests the Court to vacate its June 9, 2005 Order finding Alltel liable to Springfield for unpaid gross receipts taxes. Although its argument is lengthy, the premise of the argument is not complicated. Alltel claims that the Court never had subject matter jurisdiction in this case because 1) the controversy between Alltel and Springfield is not ripe; 2) the June 9 Order is advisory; 3) the Court had no authority under the Federal Declaratory Judgment Act or the Missouri Declaratory Judgment Act to issue its opinion;[2] and 4) Missouri's exclusive tax remedy doctrine does not permit a taxing authority to resolve legal issues in a court prior to the assessment process. In addition, it argues that the Court should have abstained from resolving any aspect of Springfield's lawsuit against Alltel.

The Court has previously addressed most of these issues. There is clearly a case or

---

[2] While the original pleading in this matter did not separately request a declaratory judgment on the issue of liability, the record shows that this issue was raised by Springfield in its Motion for Partial Summary Judgment and joined by the Defendants in their Opposition to Springfield's Motion for Partial Summary Judgment and their own counterclaims. Therefore, pursuant to Federal Rule of Civil Procedure 15, the Court has treated Plaintiff's Motion for Partial Summary Judgment as a request for a declaration of law on Defendants' liability under Springfield's gross receipts tax. Rule 15(b) states that "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."

4

controversy before the Court. Alltel won't pay gross receipts taxes to Springfield for its "Commercial Mobile Radio" services. Alltel even refused to file the data needed by Springfield to make an assessment. Alltel claims that it doesn't have to do so because Springfield's gross receipts ordinance does not apply to "Commercial Mobile Radio" services. In its Motion for Partial Summary Judgment, Springfield asked the Court to rule that its ordinance did apply to "Commercial Mobile Radio" services. In its counterclaim, Alltel asked for a ruling that the ordinance did not apply. If this is not a ripe case or controversy, then neither is a declaratory judgment action to interpret an insurance contract to resolve coverage issues, something routinely done in federal courts based on diversity jurisdiction.

Alltel would be correct about the ripeness issue if it is also correct that Missouri law does not permit a municipality to resolve tax coverage issues when the taxpayer refuses to pay or comply with city ordinances. No matter how you slice, dice or dress the question, all the issues raised by Alltel in its Motion for Reconsideration are dependent on whether Missouri law permits Springfield to get a legal ruling from a court that its gross receipts tax must be paid by Alltel. The Court believes that Missouri would permit Springfield to do so. Missouri courts have permitted taxpayers to do so and there is no reason to think that the same opportunity would not be extended to the taxing authority, both for reasons of symmetry and the practical reasons that have been relied on in other jurisdictions which held that the exclusive tax remedy doctrine does not preclude early court resolution of purely legal issues.

5

The Missouri cases relied on by the Defendants did not address this specific question so cannot fairly demonstrate that Missouri courts today would not permit taxing authorities the same economy of action that a taxpayer has under Missouri law. Also, in *Premium Standard Farms, Inc. v. Lincoln Township of Putnam Co.*, the Missouri Supreme Court specifically held that administrative exhaustion is excused when "the authority of the political subdivision to impose particular regulations is challenged . . . ." 946 S.W.2d 234, 237 (Mo. en banc 1997). That case was filed by the taxpayer, not the taxing authority, but the Court believes that the Supreme Court's language is broad enough to comfortably predict that Missouri courts would permit Springfield to get a resolution of its own authority to impose a tax before exhausting its administrative process to determine the amount of taxes owed.

As to the claim that the Court is just issuing an advisory opinion, the Court thinks that Defendants would not be so adamant if the Court's opinion were merely advisory. The Court has ruled that Alltel is liable under its gross receipts ordinances to the City of Springfield to pay gross receipts taxes. The Court's June 9, 2005 Order and its Order on October 17, 2006, are not advisory. *E.g., City of St. Louis v. United Railways Co. of St. Louis*, 174 S.W. 78 (Mo. 1914).

Alltel also claims that the Court's Order of June 9 granting declaratory relief is not authorized by the federal Declaratory Judgment Act, 28 U.S.C. § 2201, nor the Missouri State Declaratory Judgment Act, Mo. Rev. Stat., § 527.010. As for the latter, the authority of the Court to grant a declaratory judgment appears to be a matter of procedure,

6

not substance. If so, the federal Declaratory Judgment Act controls, not the Missouri State Declaratory Judgment Act. *See Tompkins v. Erie R.R. Co.*, 305 U.S. 673 (1938). However, under either, if Springfield has the authority to pursue the legal issue of liability in court before implementing its administrative procedures to assess taxes, then a federal court has jurisdiction to make that legal determination. The diversity statute gives authority to the federal court to interpret the city's code and determine liability just as the diversity statute permits a federal court to interpret an insurance contract under state law, or to decide the meaning of a state statute or constitutional provision. *E.g., City of St. Louis v. United Railways Co. of St. Louis*, 174 S.W. 78 (Mo. 1914).

As for Alltel's request that the Court should abstain voluntarily from deciding Alltel's liability, too much work has been invested by all parties and the Court to warrant dismissing on abstention grounds. The Defendants, including Alltel, did not ask the Court to abstain at an early stage in this litigation. In fact, Alltel filed a counterclaim against the Plaintiffs seeking a declaratory judgment that the Springfield statute was unenforceable because of the Hancock Amendment. In addition, its opposition to Plaintiffs' Motion for Partial Summary Judgment did not raise the issue of abstention. It was not until the Court ruled against Alltel that it raised the issue of abstention. It would violate all principles of fairness and judicial economy to dismiss on abstention grounds at the twilight of this litigation. If Alltel had wanted resolution of the issue in a state court, it could have filed a declaratory judgment action there long ago.

**II.    Springfield's Motion to Clarify or in the Alternative to Reconsider [Doc. #**

not substance. If so, the federal Declaratory Judgment Act controls, not the Missouri State Declaratory Judgment Act. *See Tompkins v. Erie R.R. Co.*, 305 U.S. 673 (1938). However, under either, if Springfield has the authority to pursue the legal issue of liability in court before implementing its administrative procedures to assess taxes, then a federal court has jurisdiction to make that legal determination. The diversity statute gives authority to the federal court to interpret the city's code and determine liability just as the diversity statute permits a federal court to interpret an insurance contract under state law, or to decide the meaning of a state statute or constitutional provision. *E.g., City of St. Louis v. United Railways Co. of St. Louis*, 174 S.W. 78 (Mo. 1914).

As for Alltel's request that the Court should abstain voluntarily from deciding Alltel's liability, too much work has been invested by all parties and the Court to warrant dismissing on abstention grounds. The Defendants, including Alltel, did not ask the Court to abstain at an early stage in this litigation. In fact, Alltel filed a counterclaim against the Plaintiffs seeking a declaratory judgment that the Springfield statute was unenforceable because of the Hancock Amendment. In addition, its opposition to Plaintiffs' Motion for Partial Summary Judgment did not raise the issue of abstention. It was not until the Court ruled against Alltel that it raised the issue of abstention. It would violate all principles of fairness and judicial economy to dismiss on abstention grounds at the twilight of this litigation. If Alltel had wanted resolution of the issue in a state court, it could have filed a declaratory judgment action there long ago.

**II.    Springfield's Motion to Clarify or in the Alternative to Reconsider [Doc. #**

**408]**

As the Court has already said, its October 17 Order was intended to accomplish two things only. The Court has now clarified for both parties the issues which have been decided by the Court. The Court will not address the question of what may happen if Alltel refuses to pay after the administrative process is completed, including appeal under Mo. Rev. Stat., Chapter 536. Nothing in its Order should be construed as a ruling on this issue.

### III. Plaintiffs' Motion to Modify or Lift the Protective Order for Limited Purposes [Doc. 409]

The Court grants the Plaintiffs' request to lift the Protective Order. The Protective Order is amended to permit data obtained during this litigation to be used in any subsequent proceeding to assess or collect the tax which is the subject of this litigation. Nothing in this Order should be interpreted to suggest that another court cannot alter the Protective Order in any way that it sees fit. Because the Protective Order will be applicable to further proceedings absent modification by another court or the parties, there is no reason for Alltel's concern that confidential matters will not be adequately protected in collateral administrative and state court proceedings.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: December 20, 2006
Jefferson City, Missouri